UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

L10CV3204

| | |
|---|---|
| ARNAUD KABORE, WILLIAM WILLIAMSON, EDWARD JACKSON, and RODNEY MOORE, JR., *on behalf of themselves* and *on behalf of all other similarly situated*, <br><br>*Plaintiffs*, <br><br>v. <br><br>ANCHOR STAFFING, INC., <br>19 Ridge Manor Court <br>Damascus, MD 20872, <br><br>Serve Registered Agent: <br><br>    Francis John Kreysa <br>    4 Professional Drive <br>    Suite 118 <br>    Gaithersburg, MD 20879, <br><br>ROGER W. NEEDHAM, <br>1619 Chapman Road <br>Crofton, MD 21114-3155, <br><br>SWEEPRITE SERVICES INC., <br>9609 Philadelphia Road <br>Baltimore, MD 21237, <br><br>Serve Resident Agent: <br><br>    George A. Schmuff <br>    9609 Philadelphia Road <br>    Baltimore, MD 21237, <br><br>and <br><br>GEORGE A. SCHMUFF, <br>637 Possum Trot Way <br>Aberdeen, MD 21001-2658, <br><br>*Defendants*. | Civil Action No.: _____ |

# REPRESENTATIVE ACTION COMPLAINT
# FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs Arnaud Kabore, William Williamson, Edward Jackson, and Rodney Moore, Jr., on behalf of themselves and on behalf of all other similarly situated employees, by and through counsel, and file this Representative Action Complaint for Equitable and Monetary Relief and Demand for Jury Trial against Defendants Anchor Staffing, Inc., Roger W. Needham, Sweeprite Services Inc., and George A. Schmuff.

## Introduction

1. This is a Representative Action brought by the named Plaintiffs Arnaud Kabore, William Williamson, Edward Jackson, and Rodney Moore, Jr., on behalf of themselves and the other similarly situated employees and/or former employees ("the other similarly situated employees") who may participate as permitted under 29 U.S.C. § 216(b) against Defendants Anchor Staffing, Inc., an entity incorporated under the laws of the state of Maryland, Roger W. Needham, Anchor Staffing, Inc.'s owner and president, Sweeprite Services Inc., an entity incorporated under the laws of the state of Maryland, and George A. Schmuff, Sweeprite Services Inc.'s owner and president.

2. Plaintiffs assert that Defendants are liable to the Plaintiffs and other similarly situated employees for violations of: the Fair Labor Standards Act of June 25, 1938, Chapter 676, 52 Stat. 1069, 29, U.S.C. §§ 201-19 ("FLSA"); the Maryland Wage and Hour Law, Md. Code Lab. & Empl. §§ 3-401 et seq. ("MWHL"); the Maryland Wage Payment and Collection Law §§ 3-501 et seq. ("MWPCL"); and Maryland common law on the basis of *quantum meruit*.

2

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the claims presented pursuant to the FLSA, a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said Act, as amended (29 U.S.C. § 216(b)).

4. The Maryland statutory and common law claims set forth herein are so related to and intertwined with the Plaintiffs' claims under the FLSA that they form a part of the same case and controversy. Therefore, this Court has supplemental jurisdiction over the Maryland state and common law claims presented in the first, second and fourth causes of action pursuant to 28 U.S.C. § 1367(a).

5. Venue in this district and in this division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c), because Defendants conduct business in this judicial district and in this division.

## Parties

6. Plaintiff Arnaud Kabore is domiciled in the State of Maryland and is a resident of the City of Baltimore, Maryland.

7. Plaintiff William Williamson is domiciled in the State of Maryland and is a resident of the City of Baltimore, Maryland.

8. Plaintiff Edward Jackson is domiciled in the State of Maryland and is a resident of the City of Baltimore, Maryland.

9. Plaintiff Rodney Moore, Jr. is domiciled in the State of Maryland and is a resident of the City of Baltimore, Maryland.

10. Defendant Anchor Staffing, Inc. is an entity incorporated under the laws of the State of Maryland that has its principal place of business in the State of Maryland, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

11. Defendant Roger W. Needham is domiciled in the State of Maryland and is a resident of Anne Arundel County.

12. Defendant Sweeprite Services Inc. is an entity incorporated under the laws of the State of Maryland that has its principal place of business in the State of Maryland, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

13. Defendant George A. Schmuff is domiciled in the State of Maryland and is a resident of Harford County.

14. In addition to Plaintiffs, Defendants have employed or do employ other similarly situated employees; that is, these persons are or were employed by Defendants as part of their workforce in Maryland and are or were Defendants' employees as the term is defined by FLSA and Maryland statutory and common law.

15. Upon information and belief, there are at least twenty similarly situated other persons who are or were employed by Defendants as part of their workforce in Maryland and are or were Defendant's employees as that term is defined by FLSA and Maryland statutory and common law.

### Factual Allegations

16. Defendant Anchor Staffing, Inc. is a for-profit business incorporated in the State of Maryland and has gross revenue in excess of $500,000 per annum, is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, and is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

17. Defendant Roger W. Needham is the Owner and President of Anchor Staffing.

18. Defendant Sweeprite Services Inc. is a for-profit business incorporated in the State of Maryland and has gross revenue in excess of $500,000 per annum, is engaged in the

production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in FLSA, and is an employer subject to the jurisdiction of the FLSA, MWHL and MWPCL.

19. Defendant George A. Schmuff is the owner and president of Sweeprite Services Inc.

20. Plaintiff Arnaud Kabore has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Arnaud Kabore's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 1.)

21. Defendants jointly employed Kabore from in or about June of 2010 through in or about August of 2010 as a driver.

22. Plaintiff William Williamson has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff William Williamson's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 2.)

23. Defendants jointly employed Williamson from in or about August of 2010 through in or about September of 2010 as a helper.

24. Plaintiff Edward Jackson has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Edward Jackson's Notice of Opt-In and Consent to Become Party Plaintiff Form, Exhibit 3.)

25. Defendants jointly employed Jackson from in or about August of 2009 through in or about February of 2010 as a helper, and then Defendant Sweeprite Services Inc. and Schmuff hired Jackson to work directly for them. Defendants Sweeprite Services Inc. and Schmuff have

employed Jackson from in or about February of 2010 through the present date as a helper at a salary of $440.00 per week regardless of his hours worked.

26. Plaintiff Rodney Moore, Jr. has given his consent in writing to become a party plaintiff in this action on behalf of himself and the other employees similarly situated. (*See* Plaintiff Rodney Moore, Jr.'s Notice of Opt-In and Cosent to Become Party Plaintiff Form, Exhibit 4.)

27. Defendants jointly employed Moore from in or about June of 2009 through in or about September of 2009 as a helper, and then Defendant Sweeprite Services Inc. and Schmuff hired Moore to work directly for them. Defendants Sweeprite Services Inc. and Schmuff have employed Moore from in or about September of 2009 through the present date as a helper at a salary of $300.00 per week regardless of his hours worked.

28. At all times relevant to this Complaint, Defendants have employed or do employ Plaintiffs and the other similarly situated employees to operate street sweeper vehicles, with each vehicle manned by one driver and one helper.

29. At all times relevant to this Complaint, Defendants have jointly employed or do jointly employ Plaintiffs and the other similarly situated employees to operate street sweeper vehicles in the City of Baltimore, and Defendants do not require the vehicle drivers to possess a commercial driver's license.

30. Defendants Anchor Staffing, Inc. and its owner and president, Roger W. Needham, have and do provide the employment services of employees including, but not limited to, Plaintiffs and the other similarly situated employees to Defendants Sweeprite Services Inc. and its owner and president, George A. Schmuff, to staff and operate to operate street sweeper vehicles in the City of Baltimore.

31. Plaintiffs and the other similarly situated employees are and were economically

dependent on each of the Defendants.

32. The employment of the Plaintiffs and the other similarly situated employees by each Defendant is and was not completely disassociated from the employment of the Plaintiffs and the other similarly situated employees by the other Defendants.

33. Defendants jointly controlled the time, place, and nature of the Plaintiffs' and the other similarly situated employees' employment, and Defendants Anchor Staffing, Inc. Needham directly employed Plaintiffs and the other similarly situated employees, and Defendants Sweeprite Services Inc. and Schmuff maintained: (1) the authority to terminate Plaintiffs' and the other similarly situated employees employment; (2) the authority to supervise and control Plaintiffs' and the other similarly situated employees' work schedules and conditions of their employment; and (3) the authority to determine Plaintiffs' and the other similarly situated employees' compensation.

34. As such Defendants jointly controlled the employment conditions of Plaintiffs and the other similarly situated employees.

35. Defendants jointly controlled the pay rates of and hours worked by the Plaintiffs and the other similarly situated employees.

36. At all times relevant to this lawsuit the Plaintiffs and the other similarly situated employees performed work which simultaneously benefitted all of the Defendants.

37. At all times relevant to this Complaint, Plaintiffs and the other similarly situated employees never left the state of Maryland while operating the sweeper trucks, and in sweeping streets Plaintiffs and the other similarly situated employees were not part of any continuous stream of interstate travel.

38. Defendants required Plaintiffs and the other similarly situated employees to work five days a week on a schedule that required them to work from 9:00 p.m. to 6:00 a.m.

39. Defendants regularly require and have always required Plaintiffs and the other similarly situated employees to work beyond their scheduled hours such that they start work at 9:00 p.m. and end work at 8:00 a.m. or 9:00 a.m.

40. Moreover, Defendants require drivers to be at work one hour before their shift starts to wash their vehicles and to perform other maintenance, but Defendants do not compensate drivers for this time.

41. While Defendants theoretically afforded Plaintiffs and the other similarly situated employees a one hour lunch break each day, Defendants required Plaintiffs and the other similarly situated employees to work through their one hour lunch break each day.

42. Although Defendants required Plaintiffs and the other similarly situated employees to work through their one hour lunch break each day, Defendants nevertheless deducted the one hour lunch break from each of Plaintiffs and the other similarly situated employees' hours worked.

43. Moreover, despite the fact that Plaintiffs and the other similarly situated employees regularly worked in excess of forty hours during each work week, Defendants failed to correctly account for Plaintiffs' and the other similarly situated employees' amount of hours worked in excess of forty each work week.

44. Defendants employed Plaintiffs and the other similarly situated employees and were required under the FLSA, MWHL, and MWPCL to compensate Plaintiffs and the other similarly situated employees for their work during their lunch break and/or for those hours worked in excess of forty during each work week at an hourly compensation rate and at time-and-a-half for any and all overtime hours worked.

45. Defendants Sweeprite Services Inc. and Schmuff have employed Jackson from in or about February of 2010 through the present date as a helper, and they have improperly

compensated him by paying him a salary of $440.00 per week regardless of his hours worked, and they frequently require him to work a sixth day a week for a flat fee regardless of his actual hours worked that day and week.

46.     Defendants Sweeprite Services Inc. and Schmuff also have employed Moore from in or about September of 2009 through the present date as a helper, and they have improperly compensated him by paying him a salary of $300.00 per week regardless of his hours worked, and they frequently require him to work a sixth day a week for a flat fee regardless of his actual hours worked that day and week.

47.     Although Plaintiffs and the other similarly situated employees regularly worked through their one hour lunch break and worked in excess of 40 hours per week, Defendants failed and/or refused to compensate Plaintiffs and the other similarly situated employees at a rate of one and one-half times their normal wages for overtime hours worked in excess of 40 hours per week.

48.     Defendants willfully and/or intentionally failed to pay Plaintiffs and other similarly situated employees' proper regular wages they earned while employed by Defendants, and they have a policy of not paying departing employees' last paychecks for their last weeks of work performed.

49.     Accordingly Defendants have willfully and/or intentionally failed to pay Plaintiffs and other similarly situated employees' proper regular and overtime wages they earned while employed by Defendants.

50.     Defendants are and were aware that Plaintiffs and the other similarly situated employees regularly worked through their one hour lunch break each day.

51.     Defendants are and were aware that Plaintiffs and the other similarly situated employees regularly worked in excess of forty hours per calendar week.

52. Plaintiffs' and the other similarly situated employees' primary duties and responsibilities as operators did not allow them to exercise real and/or substantial discretion in their work, and thus they were not *bona fide* professional, executive or administrative employees exempt from the overtime and record-keeping provisions of the FLSA and the MWHL, nor are the subject to the Motor Carrier exemption because they are engaged wholly in intrastate transportation that does not constitute interstate commerce and because they are not part of a continuous stream of interstate travel.

53. Because Plaintiffs and the other similarly situated employees are non-exempt under both the FLSA and the MWHL, Defendants are and were required by the FLSA and the MWHL to pay them for all of their time worked in excess of forty hours per week.

54. Plaintiffs and the other similarly situated employees conferred a benefit upon Defendants by working for Defendants.

55. Defendants had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiffs and the other similarly situated employees, and Defendants are and were aware that Plaintiffs and the other similarly situated employees expected to be compensated with wages for their work on Defendants' behalf.

56. When working on behalf of and for the benefit of Defendants, Plaintiffs and the other similarly situated employees regularly were entitled to overtime wages of one-and-one-half times their hourly wage for their overtime hours worked.

57. Defendants accepted or retained benefits conferred on them by Plaintiffs and the other similarly situated employees under circumstances that would make it inequitable for Defendants to retain those benefits without compensating Plaintiffs and the other similarly situated employees for the value of their services.

## FLSA Representative Action Allegations

58.     Plaintiffs and the other similarly situated employees were entitled to overtime compensation from Defendants pursuant to the FLSA.

59.     Despite Plaintiffs and the other similarly situated employees regularly completing over forty hours of labor for Defendants in any given week, Defendants failed and/or refused to pay Plaintiffs and the other similarly situated employees the proper overtime compensation to which they were and are entitled.

60.     When Plaintiffs and the other similarly situated employees worked for Defendants, they did not hold positions that fell within the statutory exemptions for *bona fide* executive, administrative, or professional employees, as these terms are defined by the Secretary of Labor under the FLSA, nor did they fall within the Motor Carrier exemption.

61.     Plaintiffs bring this representative action on behalf of themselves and all other similarly situated employees. The cohort of similarly situated employees which Plaintiffs seek to represent is defined as follows:

> **All present and former non-exempt employees of Defendants employed in Maryland who are entitled to be compensated with overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201,** *et seq.*

62.     The precise number of similarly situated employees and their addresses are unknown to Plaintiffs but are believed to exceed twenty.

63.     The similarly situated employees may be identified from Defendants' records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

64.     There is a well-defined community of interest in the questions of law and fact involved in this case which affect Plaintiffs and the other similarly situated employees. Questions

of law and fact in common include, but are not limited to, the following:

    a.    The amount of overtime wages due and owing by the Defendants to Plaintiffs and the other similarly situated employees pursuant to FLSA; and

    b.    Whether Defendants are unjustly enriched by refusing and failing to pay Plaintiffs and the other similarly situated employees all that is legally due and owing to them pursuant to the FLSA.

65.    Plaintiffs adequately represent the similarly situated employees because Plaintiffs will fairly and adequately protect their interest. Plaintiffs' interests do not conflict with the interests of the similarly situated employees whom Plaintiffs seek to represent. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

66.    The interests of the similarly situated employees will be fairly and adequately protected by Plaintiffs and their counsel, and this action may be maintained as a representative action because Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other similarly situated employees, thereby making appropriate final relief with respect to the similarly situated employees.

**COUNT I**
**Fair Labor Standards Act of 1938 (FLSA)**
**29 U.S.C. § 201,** *et seq.*
**(Failure to Pay Regular Wages and Overtime)**
**(Against All Defendants Jointly and Severally)**

67.    Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

68.    Defendants willfully and/or intentionally failed and/or refused to pay to the Plaintiffs and the other similarly situated employees the regular and overtime wages due and owed under the FLSA.

69. Defendants' actions were taken with willful disregard for the rights of Plaintiffs and other similarly situated employees under the FLSA.

70. As a result of Defendants' unlawful conduct, Plaintiffs and the other similarly situated employees suffered a loss of wages.

71. Plaintiffs and the other similarly situated employees are owed unpaid overtime wages by Defendants as allowed under 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon review of Defendants' records and/or at the trial of this action.

72. The number of similarly situated employees, and the names of such persons, is unknown, but such persons, upon information and belief, number twenty or more, and such persons, who will be identified once discovery is had in this case upon the review of Defendants' records and upon such identification will file written consents to joinder with this Court pursuant to 29 U.S.C. § 216(b), are owed unpaid overtime wages from Defendants pursuant to 29 U.S.C. §§ 206 and 207 in an amount which will be determined upon a review of Defendants' records and/or at the trial of this action.

73. For violations of the FLSA, 29 U.S.C. § 216(b) allows Plaintiffs and the other similarly situated employees to recover from Defendants, in addition to any judgment awarded, an additional equal amount as liquidated damages as well as interest on the monies due and owing.

74. 29 U.S.C. § 216(b) further provides that Plaintiffs and the other similarly situated employees may receive, without limitation, the costs of this action, as well as a reasonable attorneys' fee to be paid by Defendants.

75. Wherefore, Plaintiffs, on behalf of themselves and the other similarly situated employees on this first cause of action, seek judgment against Defendants, together with an award of interest and costs.

## COUNT II
### Maryland Wage Payment and Collection Act
### MD Code, Labor and Employment, §3-501, *et seq.*
### (Failure to Pay Wages Earned)
### (Against All Defendants Jointly and Severally)

76. Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

77. Plaintiffs and the other similarly situated employees are or were "employees" and Defendants are an "employer" as those terms are defined in the Maryland Wage Payment and Collection Act.

78. Despite Plaintiffs and the other similarly situated employees completing everything required of them to earn overtime wages, Defendants failed to pay Plaintiffs and the other similarly situated employees the regular and overtime wages they earned.

79. Because Defendants failed to compensate Plaintiffs and the other similarly situated employees for the full amount of compensation for the hours which they worked on Defendants' behalf, Defendants wrongfully withheld their wages in violation of the Maryland Wage Payment and Collection Law.

80. As the direct and proximate result of Defendants' willful and intentional violation of Maryland Wage Payment and Collection Law, Plaintiffs and the other similarly situated employees were caused to suffer damages.

81. For violations of the Maryland Wage Payment and Collection Law, § 3-507.1, Plaintiffs and the other similarly situated employees may recover from Defendants, in addition to any judgment awarded, their reasonable attorneys' fees and costs or fees of any nature, as well as treble damages.

82. Wherefore, Plaintiffs seek judgment against Defendants.

## COUNT III
### Maryland Wage and Hour Law
### MD Code, Labor and Employment, §3-401 *et seq*
### (Failure to Pay Wages Earned)
### (Against All Defendants Jointly and Severally)

83. Plaintiffs hereby incorporate all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

84. Plaintiffs and the other similarly situated employees are or were "employees" and Defendants are "employer[s]" as those terms are defined in the Maryland Wage and Hour Law.

85. Defendants failed to pay Plaintiffs and other similarly situated employees for the proper regular and overtime wages for the work they performed.

86. Defendants were required under the MWHL to compensate Plaintiffs and other similarly situated employees for their work at a rate of one and one half their hourly wage per hour for any hours worked in excess of forty (40) in a single work.

87. As the direct and proximate result of Defendants' willful and intentional violation of the Maryland Wage and Hour Law, Plaintiffs and the other similarly situated employees and similarly situated employees were caused to suffer damages.

88. For violations of the Maryland Wage and Hour Law, § 3-427 allows Plaintiffs and the other similarly situated employees to recover from Defendants the difference between the wages actually paid to them and the required wages owed to them, in addition to any judgment awarded, and their reasonable attorneys' fees as well as their costs or fees of any nature.

89. Wherefore, Plaintiffs seek judgment against Defendants.

## COUNT IV
### *Quantum Meruit*
### Maryland Common Law
### (Against All Defendants Jointly and Severally)

90. Plaintiffs hereby incorporate all allegations set forth in all the foregoing

paragraphs as though fully alleged herein.

91. At all times relevant to this complaint, Plaintiffs and the other similarly situated employees were employees of Defendants.

92. Defendants had an obligation to compensate Plaintiffs and the other similarly situated employees with overtime wages for the overtime hours Plaintiffs and the other similarly situated employees worked for Defendants.

93. Plaintiffs and the other similarly situated employees conferred benefits upon Defendants by working overtime hours on Defendants' behalf.

94. Defendants had an appreciation or knowledge of the benefits being conferred upon them by Plaintiffs and the other similarly situated employees.

95. Despite the foregoing, Defendants retained the overtime wages due and owing to Plaintiffs and the other similarly situated employees in circumstances that make it inequitable for Defendants to have received the benefits without paying for their value.

96. Wherefore, Plaintiffs seek judgment against Defendants in *quantum meruit*, together with an award of interest and costs.

### Prayer for Relief

WHEREFORE, Plaintiffs pray this Honorable Court for the following relief:

A. An order appointing Plaintiffs and their counsel of record to represent all other similarly situated employees in their FLSA claims;

B. An order awarding restitution and/or disgorgement of profits;

C. Judgment against Defendants in the amount of economic damages and liquidated damages to be determined at trial;

D. A reasonable attorney's fee and the costs of this action; and

E. Any other relief this Honorable Court deems just and proper to award.

## Demand for Jury Trial

Plaintiffs demand a trial by jury for any and all issues proper to be so tried.

*Plaintiffs Arnaud Kabore, William Williamson, Edward Jackson, and Rodney Moore, Jr. on behalf of themselves and on behalf of all other similarly situated employees and/or former employees of Defendant.*

R. Scott Oswald, D. Md. Bar No. 25391
Nicholas Woodfield, D. Md. Bar No. 15474
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for Plaintiffs*