UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                          101 West Lombard Street
**BENSON EVERETT LEGG**                              Baltimore, Maryland 21201
United States District Judge                         410-962-0723

January 19, 2012

MEMORANDUM TO COUNSEL RE: Kabore, et al. v. Anchor Staffing, Inc., et al.,
            Civil No. L-10-3204

Dear Counsel:

  This case arises under the Fair Labor Standards Act (the "FLSA"). Although the parties have resolved the underlying dispute, three issues remain before the case can be closed.

  The first is the parties' joint Motion for Court Approval of the Settlement Agreement. Docket No. 52. Under the FLSA, individuals seeking to release a claim must receive approval from either the Department of Labor or a court. See Taylor v. Progress Energy, Inc., 415 F.3d 364, 374 (4th Cir. 2005). The reviewing court must "scrutinize the settlement for fairness and determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (internal citations and quotations omitted). The district court is to approve the agreement if it reflects a "reasonable compromise over issues . . . that are actually in dispute." Id.

  The Court hereby GRANTS the parties' joint Motion (Docket No. 52) and APPROVES the Settlement Agreement. This case is a collective action for backpay and overtime that raises significant issues regarding, inter alia, improper deductions allegedly subtracted from Plaintiffs' time-clock hours. The Settlement Agreement was reached as a result of mediation conducted by Magistrate Judge Beth P. Gesner on November 20, 2011. In short, this agreement represents a reasonable compromise over disputed issues and a fair resolution of the case.

  The second pending issue is the parties' joint Motion to Seal the Settlement Agreement. Docket No. 53. In most cases, litigants may agree to settle a case privately and confidentially. Where a court must approve a settlement agreement, however, that agreement becomes part of the judicial record. See Tabor v. Fox, No. 5:09-CV-338-BR, 2010 WL 2509907, *1 (E.D.N.C. June 17, 2010) (collecting cases).

  Under the common law and the First Amendment,[1] there is general a presumption that court records must be kept open to the public. See Stone v. University of Maryland, 855 F.2d

---

[1] The First Amendment guarantees access only to particular judicial records. Moreover, "[w]hen the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Va. Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (internal citations and quotations omitted). There is no controlling Fourth Circuit authority stating whether the First Amendment right of access is applicable to settlement agreements, though it may be. See Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618, 622 (E.D. Va 2011).

178, 180 (4th Cir. 1988). The presumption of public access can be rebutted "if countervailing interests heavily outweigh the public interest[.]" Rushford v. New Yorker Magazine Inc., 846 F.2d 249, 253 (4th Cir. 1988). "The party seeking [to seal the record] . . . bears the burden of showing some significant interest that outweighs the presumption." Id.

Courts have routinely held that a generalized interest in confidentiality is inadequate to merit sealing of a FLSA settlement agreement. See, e.g., Miles v. Ruby Tuesday, Inc., 799 F. Supp. 2d 618 (E.D. Va 2011) (denying a joint request to seal a settlement agreement in a FLSA case); Banker v. Dolgencorp, Inc., --- F. Supp. 2d ---, 2011 WL 166257 (E.D. Va. Jan. 19, 2011) ("[T]he parties' blanket assertion that confidentiality establishes a countervailing interest lacks merit.").

Here, the parties have not set forth any specific reasons in favor of sealing the Settlement Agreement. Rather, the joint Motion vaguely and unpersuasively asserts that "the specific amounts of the payments are not material to any matter of public interest" and "the release of these specific terms will not result in an enhanced public understanding of any issues of public concern." Docket No. 53. ¶ 4–5. Not only is the Motion deficient under the standards outlined above, it also fails to pass muster under Local Rule 105.11, which provides that:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.[2]

The Court doubts that the Settlement Agreement should be sealed. See Stone, 855 F.2d at 182 ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances."). Accordingly, the Court will DENY the Motion to Seal (Docket No. 53). The Settlement Agreement, however, will remain under seal for the time being. By **January 30, 2012**, the parties may either file an Amended Motion to Seal that more fully explains their position or inform the Court that they intend to withdraw the request.

The third outstanding issue relates to Plaintiffs' attorneys' fees and costs. As Judge Gesner noted in her letter to counsel dated January 17, 2012, the parties shall provide the Court with a joint status report by **January 23, 2012**, to confirm that the issue remains to be resolved and to propose a briefing schedule. See Docket No. 56.

Despite the informal nature of this memorandum, it is an Order of this Court, and the Clerk is directed to docket it accordingly.

---

[2] District courts must follow a three-step procedure before sealing any judicial document: "(1) provide public notice of the request to seal and allow interested parties a reasonably opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc. 218 F.3d 288, 302 (4th Cir. 2000).

Very truly yours,

/s/

_____
Benson Everett Legg
United States District Judge